# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-118V
**Filed: May 12, 2015**
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * *
CARRIN SIMMONS, parent of E.S.,        *
a minor,                               *
                                       *
                  Petitioner,          *   Joint Stipulation on Damages; HPV
v.                                     *   Vaccine; Chronic Urticaria.
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
                  Respondent.          *
                                       *
* * * * * * * * * * * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA for petitioner.
Ann D. Martin, United States Department of Justice, Washington, DC for respondent.

### DECISION ON JOINT STIPULATION[1]

**Gowen**, Special Master:

On February 10, 2014, Carrin Simmons ("petitioner") filed a petition on behalf of her minor child, E.S., for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. Petitioner

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

1

alleged that as a result of receiving a Human Papillomavirus ("HPV") vaccine on July 28, 2011 and September 28, 2011, E.S. developed chronic urticaria. Stipulation at ¶ 1-2, 4. Further, petitioner alleged that E.S. experienced residual effects of this injury for more than six months. Id. at ¶4.

On May 11, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that the HPV vaccinations caused E.S.'s chronic urticaria or any other injury. Id. at ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties have agreed that petitioner shall receive an amount sufficient to purchase an annuity contract described in paragraph ten of the attached stipulation. Pursuant to the terms therein, **the undersigned awards petitioner the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

1. **An amount sufficient to purchase an annuity contract from a life insurance company, meeting the criteria described in paragraph 9, pursuant to which the life insurance company agrees to make payments periodically to E.S. as follows:**

    a. **$30,035.44 payable in a certain lump sum on April 1, 2018; and**

    b. **$36,011.38 payable in a certain lump sum on July 1, 2022.**

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                     **s/Thomas L. Gowen**
                                                     Thomas L. Gowen
                                                     Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| CARRIN SIMMONS, parent of E.S., a minor, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 14-118V Special Master Gowen ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her daughter, E.S., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to E.S.'s receipt of the Human Papillomavirus ("HPV") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. E.S. received her immunizations on July 28, 2011, and September 28, 2011.

3. The vaccines were administered within the United States.

4. Petitioner alleges that the HPV vaccine caused E.S. to develop chronic urticaria, and that E.S. experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of E.S. as a result of her condition.

6. Respondent denies that the vaccine(s) caused E.S.'s chronic urticaria or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment for all damages that would be available under 42 U.S.C. §300aa-15(a):

> An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of E.S., pursuant to which the Life Insurance Company will agree to make payments periodically to E.S., as follows:

    a. $30,035.44 payable in a certain lump sum on April 1, 2018.

    b. $36,011.38 payable in a certain lump sum on July 1, 2022.

The payments provided for in this paragraph 10 shall be made as set forth above.  Should E.S. predecease the exhaustion of any certain payments set forth above, any remaining certain payments shall be made to her estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of E.S.'s death.

      11.  The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments.  Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

      12.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

      13.  Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

3

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of E.S. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of E.S., on behalf of herself, E.S., and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of E.S. resulting from, or alleged to have resulted from, the vaccinations administered on July 28, 2011, and September 28, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about February 10, 2014, in the United States Court of Federal Claims as petition No. 14-118V.

17.  If E.S. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18.  If the Special Master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20.  Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the HPV vaccine caused E.S. to suffer chronic urticaria or any other injury or condition.

22.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of E.S.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature]*
CARRIN SIMMONS

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]* by Joseph Pepper
Rule 83.1(c)(2)
RONALD C. HOMER, ESQ.
Conway, Homer & Chin-Caplan, P.C.
16 Shawmut Street
Boston, MA 02116
(617) 695-1990

AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*[signature]* FSP
A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*
ANN D. MARTIN
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-1815

Dated: 5-11-15